**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

JANET FUGARAZZO

      Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE COMPANY

      Defendant.

---

**COMPLAINT**

---

COMES NOW the Plaintiff, Janet Fugarazzo, by and through her undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits her Complaint against the above-named Defendant.

**<u>PARTIES</u>**

1.      Plaintiff, Janet Fugarazzo, is a natural person and citizen of the State of Colorado, with a current address of 3000 Reed Street, Wheat Ridge, Colorado 80033.

2.      Defendant Metropolitan Life Insurance Company of America ("Defendant MetLife") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado. The Defendant's registered agent for service of process is the C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268. Upon information and belief, Defendant is a citizen of the State of New York, where it is incorporated and/or headquartered.

.

## JURISDICTION AND VENUE

3.    At all pertinent times, Defendant administered and/or insured the employee benefit plans established on behalf of the employees of Accenture, LLP ("Accenture"), a foreign limited liability partnership which provides business design and support services to companies throughout the country, including in Colorado. The Plan, which provides long-term disability benefits ("LTD") is, upon information and belief, subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA"). Upon information and belief, the plan has delegated to MetLife its obligation to make all benefit decisions at issue in this claim.

4.    Further, the Plaintiff and Defendant are citizens of different states, and the amount in controversy (including the value of the future insurance benefits) exceeds $75,000.00.

5.    At all pertinent times Plaintiff was a full-time employee of Accenture and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

6.    Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including but not limited to coverage for LTD subject to the terms and conditions of the insurance policy issued by Unum to cover the Plan, and/or the other Plan documents.

## JURISDICTION AND VENUE

7.    This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including his rights under ERISA and the subject ERISA plan.

2

8.    Pursuant to 28 U.S.C. §1391, and/or Federal law (and specifically 29 U.S.C. §1132(e)(2)), venue is proper in this Court wherein Defendant regularly conducts business and where Defendant's registered agent can be found.

**STATEMENT OF THE FACTS**

9.    At all pertinent times, Plaintiff was employed by Accenture as a Senior Management Consultant, and was an active, full-time employee. She therefore satisfied all eligibility requirements for, and was a "participant" in the Plan (and/or "beneficiary" of the Plan) within the meaning of ERISA.

10.    Beginning in or around August 2022, Plaintiff began to experience multiple health issues caused by a COVID-19 infection, which included but nit ot limited to headaches, severe fatigue and cognitive issues, inability to focus, concentrate and the like, which was ultimately diagnosed as long-haul COVID.

11.    These symptoms, including headaches, dizziness, fatigue, confusion and cognitive deficits, increase dramatically after brief periods of activity.

12.    These medical conditions prohibited Plaintiff at all relevant times from continuing to perform the requirements of her job on a regular, full-time and consistent basis, as well as from any other job for which she is reasonably qualified, due to her symptoms.

13.    As the aforementioned conditions prevented her from working on a full-time and regular basis, and from performing some of the other material requirements of her own and/or other comparable occupation, Plaintiff applied to the Plan, through MetLife, for STD benefits.

14.    Defendant approved Plaintiff's STD claim.

3

15. Thereafter, in or around February 2023, Plaintiff sought LTD benefits from Defendant.

16. Defendant denied Plaintiff's claim for LTD by letters dated May 26, 2023 and September 15, 2023.

17. Thereafter, Plaintiff timely submitted the various appeals required by the Plan document and requested a review of his claim. Plaintiff provided additional medical documentation and other information in support of her claim, including reports from her treating physician.

18. In her appeal, Plaintiff documented that she had gradually improved such that she could return to work in November 2023 (but met the policy's definition of disabled prior to that time).

19. Defendant did not alter its decision and denied the appeal on June 21, 2024.

20. Defendant's determination was arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents her from engaging in her own or any other occupation.  This includes, without limitation, her inability to work forty (40) hours per week on a regular and consistent basis during the pertinent time frame.

21. Defendant has unreasonably refused to pay additional LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff as outlined herein.

22. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

## FIRST CLAIM FOR RELIEF:
## VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS
## PLAINTIFF V. DEFENDANT

23. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above.

24. At all pertinent times, Defendant was an administrator, and/or claim administrator for the Plan, within the meaning of ERISA.

25. At all pertinent times, Plaintiff met the criteria for LTD under the Plan because she was unable to perform the functions of her own and/or any other reasonable occupation on a regular, consistent and full-time basis and provided reasonable documentation (medical or otherwise) of that fact.

26. Upon information and belief, Defendant MetLife also insures the Plan.

27. Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

28. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

29. Defendant's wrongful conduct includes, but is not limited to:

    A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians, and other similar evidence;

    B. Failing to provide an adequate review and appeal, including refusing to give Plaintiff a reasonable opportunity to submit relevant information;

    C. Failing to act in Plaintiff's best interests;

D. Failing to consider credible evidence of functional impairment;

E. Failing to reasonably interpret and apply the terms of the Plan;

F. Failing to consider its own finding in a related claim that Plaintiff is disabled for the purposes of LTD; and/or

G. Failing to conduct a reasonable investigation.

30. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost benefits, attorney's fees and costs.

## **DAMAGES**

31. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of LTD benefits. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

A. A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

B. An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or return Plaintiff to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of LTD insurance premiums otherwise covered by the policy;

C.      Retroactive reinstatement of Plaintiff's benefits and payment of all back due LTD benefits pursuant to ERISA §502(a)(1)(b);

D.      Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E.      Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. 1132(g)(1); and

F.      Such other and further relief as this Court deems just and appropriate.

Dated this 22nd day of July, 2024.

Respectfully submitted,

SILVERN & BULGER, P.C.


*s/Thomas A. Bulger, Esq.*
Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
(303) 292-0044
Facsimile (303) 292-1466
counsel@silvernbulger.com

**Plaintiff's address**

3000 Reed Street
Wheat Ridge, Colorado 80033